# EXHIBIT A

FILED: ROCKLAND COUNTY CLERK 08/26/2024 04:11 PM   INDEX NO. 035296/2024
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 08/26/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
YOSEF ROTHMAN, individually, and on behalf of
all other similarly situated consumers,

                          Plaintiff,

    -against-

SELECT PORTFOLIO SERVICING, INC.,

                         Defendants.
-------------------------------------------------------------------X

Index No.:

SUMMONS

Date Index No. Purchased:

To the above-named Defendant:

        Select Portfolio Servicing, Inc.
        3217 S Decker Lake Dr,
        Salt Lake Cty, UT 84119-3284

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Rockland County. Plaintiff's address which is in Monsey, NY.

Dated this 26th day of August, 2024.

                                                /s/ Daniel Zemel
                                           Daniel Zemel, Esq.
                                           Zemel Law LLC
                                           400 Sylvan Ave
                                           Suite 200
                                           Englewood Cliffs, New Jersey 07632
                                           T: (862) 227-3106
                                           F: (973) 282-8603
                                           dz@zemellawllc.com
                                           Attorneys for Plaintiff

Notice:  The nature of this action is violation New York General Business Laws.

FILED: ROCKLAND COUNTY CLERK 08/26/2024 04:11 PM   INDEX NO. 035296/2024
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 08/26/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
YOSEF ROTHMAN, individually, and on behalf of
all other similarly situated consumers,

                              Plaintiff,

     -against-

SELECT PORTFOLIO SERVICING, INC.,

                             Defendant.
-----------------------------------------------------------------X

Index No.:

**CLASS ACTION COMPLAINT**

Plaintiff, Yosef Rothman (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. Plaintiff bring this action against Defendants for improperly reporting on Plaintiff's credit file, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and improper business practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in the Supreme Court of the State of New York, Rockland County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Monsey, New York.

5. Defendant Select Portfolio Servicing, Inc., ("Select Portfolio" or "Defendant"), is a business entity that offers mortgage lending, refinancing, calculations, foreclosure, and other financial services. Select Portfolio regularly conducts business within New York with its principal place of business located in 3217 S Decker Lake Dr, Salt Lake City, Utah 84119. Select Portfolio regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding Select Portfolio's transactions with consumers and is therefore a "furnisher" of information as contemplated by the FCRA. 15 U.S.C. §§ 1681s-2(a) & (b).

## FACTUAL STATEMENT

6. On a date better known to Defendant, Plaintiff obtained a mortgage that was eventually transferred to Defendant for servicing.

7. During the course of servicing the mortgage, Plaintiff entered into a Covid Forbearance Plan.

8. At the plan's conclusion, Defendant informed Plaintiff that he was required to pay all the deferred balance upfront, in a lump sum payment, or be subject to foreclosure.

9. To that end, Defendant refused to allow Plaintiff to continue making monthly installments.

10. As a result, and because Defendant gave Plaintiff no other alternative upon threat of foreclosure, Plaintiff paid the full sum outstanding.

11. In March 27, 2020, Congress enacted the Cares Act to protect homeowners like Plaintiff from Covid hardship. The CFPB took up the mantle of consumer protection once Congress set out homeowner protection initiative.

12. Throughout the occurrence of the Covid pandemic, the CFPB issued regulatory guidance for both consumers and mortgage servicers.

FILED: ROCKLAND COUNTY CLERK 08/26/2024 04:11 PM                INDEX NO. 035296/2024
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 08/26/2024

13. The CFPB made it clear that once the forbearance period ended, the mortgagee would not be required to pay the full amount in one lump sum. Instead, the missed payments must be allowed to be paid over time.

14. Defendant paid no regard to the CFPB but was more interested in lining its pockets with full payments from consumers. This is why Defendant sent its demand for full payment to Plaintiff and failed to provide any notice to Plaintiff that he would not be required to pay the deficiency off in one lump sum.

15. From the end of forbearance and onward, Defendant started reporting Plaintiff as late on his credit report.

16. Plaintiff disputed the information with the credit reporting agencies, and advised them of his attempts to make the payments.

17. The credit reporting agencies forwarded Plaintiff's dispute on to Defendant.

18. In response, Defendant continued its practices of putting pressure on Plaintiff for the full outstanding amount that had accrued while in forbearance. Defendant verified that the late payments should continue reporting as is.

19. But Plaintiff was not late through any fault of his own.

20. Defendant refused to accept Plaintiff's payments, and instead ensured that the debt increased, along with improper fees and interest. This also triggered the outstanding balance to be reported inaccurately on the credit report.

21. Defendant's false threats caused significant harm to Plaintiff. Plaintiff was afraid that his home would be foreclosed at any moment and as a result, Plaintiff paid off the balance.

## CLASS ACTION ALLEGATIONS

### The Class

FILED: ROCKLAND COUNTY CLERK 08/26/2024 04:11 PM                INDEX NO. 035296/2024
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 08/26/2024

22. Plaintiff brings this as a class action.

23. Plaintiff seeks certification of the class, initially defined as follows:

> All consumers within the United States that were subject to the same tactics wherein Defendant sought to recover the entire remaining debt balance in a lump sum payment after said consumers exited a forbearance arrangement.

24. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

25. Upon information and belief, Defendant has engaged in the same course of conduct of making false threats to induce consumers to make balloon payments on their mortgages after exiting forbearance, each of which violates consumer protection laws. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

27. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant is liable for any cause of action herein alleged; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

28.     The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

29.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

30.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

31.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

32.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

33.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

34. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

36. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

37. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(Individual Claim)**

38. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39. At all times pertinent hereto, Defendant was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

FILED: ROCKLAND COUNTY CLERK 08/26/2024 04:11 PM                INDEX NO. 035296/2024
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 08/26/2024

40. Defendant willfully and negligently supplied the credit reporting agencies with information about Plaintiff that was false, misleading, and inaccurate.

41. Defendant willfully and negligently failed to mark its account as disputed by Plaintiff.

42. Defendant willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

43. Defendant willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

44. Defendant willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

45. Defendant willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

46. Defendant willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

47. As a direct and proximate cause of Defendant's failure to perform its duties under the FCRA, Plaintiff has suffered injury to his credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

48. Defendant's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Defendant was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATION OF NYGBL § 349
### (Class Claim)

50.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

51.     Defendant has engaged in deceptive practices through false representations, withholding information concerning consumer rights, and improperly threatening foreclosure.

52.     Plaintiff has been injured by Defendant's illegal conduct.

## COUNT III
### Unjust Enrichment
### (Class Claim)

53.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

54.     By engaging in false and deceptive practices, Defendant has been unjustly enriched by ensuring fees and interest accrue, while preventing consumers, like Plaintiff, from making timely payments, as obligated.

        WHEREFORE, Plaintiff, Yosef Rothman, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory, punitive, actual, and treble damages;

C. Award costs and reasonable attorneys' fees;

D. Grant such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated this 26th day of August, 2024

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
400 Sylvan Ave
Suite 200
Englewood Cliffs, New Jersey 07632
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff